**UNITED STATES DISTRICT COURT**                                   **JS-6**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 23-4286-JFW**                        Date: September 6, 2023

Title:     In Re Josefina Lopez
           Josefina Lopez, et al. -v- Eric Bejar, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                           **None Present**
   **Courtroom Deputy**                         **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                      None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER AFFIRMING BANKRUPTCY COURT'S**
                                  **FEBRUARY 9, 2023 ORDER DENYING MOTION FOR**
                                  **PRELIMINARY INJUNCTION; and**

                                  **ORDER AFFIRMING BANKRUPTCY COURT'S APRIL**
                                  **13, 2023 ORDER DISMISSING SECOND AMENDED**
                                  **COMPLAINT WITH PREJUDICE**

On June 1, 2023, Appellants Josefina Lopez (the "Debtor" or "Lopez") and Victoria Fire and Casualty Company (the "Insurer" or "Victoria") (collectively, "Appellants") filed an appeal from the United States Bankruptcy Court's April 13, 2023 Order Dismissing Second Amended Complaint With Prejudice (Bankruptcy Court Docket No. 93) and April 12, 2023 Ruling Dismissing Second Amended Complaint with Prejudice (Bankruptcy Court Docket Nos. 89, 90, and 91) (collectively, "April 13, 2023 Order"). Appellants also filed an appeal from the United States Bankruptcy Court's February 9, 2023 Order Denying Motion for Preliminary Injunction (Bankruptcy Court Docket No. 53), and February 7, 2023 Ruling Denying Motion for Preliminary Injunction (Bankruptcy Court Docket No. 52) (collectively, "February 9, 2023 Order").

On July 10, 2023, the Appellants filed their Opening Brief. On August 9, 2023, Appellees Christina Bejar ("Mrs. Bejar") and Eric Bejar ("Mr. Bejar") (collectively, the "Bejars") filed their Brief. On August 9, 2023, Appellee California Court of Appeal, Second Appellate District ("California Court of Appeal") filed its Brief. Appellee Trustee Howard M. Ehrenberg (the "Trustee") did not file a Brief. On August 23, 2023, the Appellants filed a Reply Brief. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for submission on the papers without oral argument. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Initials of Deputy Clerk __sr__

## I.       Factual and Procedural Background

### A.       The Accident and Personal Injury Suit

On September 8, 2015, Mr. Bejar, a California Highway Patrol Officer, was conducting a traffic stop of a speeding motorist on the freeway when Lopez struck his motorcycle from behind. As a result of the collision, Mr. Bejar suffered catastrophic injuries, including but not limited to fractured vertebrae, herniations of his intervertebral discs, a fractured orbital bone, brain damage, a torn shoulder, torn tendons in his knee, and nerve damage to his arm and wrist.  Mr. Bejar had multiple surgeries and was never able to fully recover or return to his job as a CHP officer.  On September 8, 2017, Mr. Bejar and his wife, Mrs. Bejar, sued Lopez in Los Angeles Superior Court ("LASC") in a case entitled *Bejar et. al. v. Josefina Lopez*, Case No. BC675339 (the "Personal Injury Suit").

At the time of the collision, Lopez was insured by Victoria and Victoria funded her defense of the Personal Injury Suit.  Prior to filing the Personal Injury Suit, the Bejars, by and through their counsel, offered to settle their claim against Lopez in exchange for her liability policy limits of $15,000.  Victoria refused to settle and, as a result, potentially exposed itself to "bad faith" liability in excess of its policy limits.

### B.       The Release

On March 22, 2021, during the pendency of the Personal Injury Suit and unbeknownst to the Bejars, Victoria paid Lopez $62,500 in exchange for her agreement not to pursue a claim for bad faith failure to settle within policy limits against Victoria.  The agreement between Lopez and Victoria was memorialized in a *Confidential Settlement Agreement and Release* (the "Settlement Agreement"), which provides, among other things, that Lopez "hereby represents to the Insurer, as a material term of this Agreement, that she intends to file for personal bankruptcy to include the Action as a claim to be discharged."[1]

### C.       Lopez Files for Bankruptcy and Judgment is Entered in the Personal Injury Suit

On August 11, 2021, a few weeks before the trial in the Personal Injury Suit was scheduled to begin, Lopez filed a voluntary Chapter 7 petition.  On August 16, 2021, the Bejars filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) ("Motion for Relief from Stay").  In the Motion for Relief from Stay, the Bejars sought relief from the automatic stay to allow them to proceed with the Personal Injury Suit.

On August 24, 2021, the Trustee and the Bejars executed a Stipulation for Relief from the Stay ("Stipulation").  The Stipulation specifically acknowledged the existence of Lopez's potential bad faith claim against Victoria, that the bad faith claim was property of the bankruptcy estate, and

---

[1]  The "Action" in the Settlement Agreement is defined as the "claims, demands, and causes of action [alleged] by Plaintiffs Eric and Christina Bejar against the Insured in the civil action entitled *Eric Bejar and Christina Bejar v. Josefina Lopez*, et al., filed in the Los Angeles County Superior Court, Central District, as Case Number BC675339."

Initials of Deputy Clerk  _sr_

that the Trustee was vested with the rights and interest in the bad faith claim.  The Stipulation also provided that the Bejars would have to obtain a judgment in the Personal Injury Suit before the Trustee would be able to take appropriate action to void the terms of the Settlement Agreement releasing Victoria from any insurance bad faith claim.  The Bankruptcy Court approved the Stipulation and entered the Order Granting Relief from the Stay ("Stay Relief Order").  The Stay Relief Order provided that the Bankruptcy Court retained jurisdiction to resolve any dispute related to the Stipulation.  After the Stay Relief Order was entered, the Bejars proceeded to trial and the jury returned a verdict in the amount of $49,640,0940 in favor of the Bejars.  On November 16, 2021, a judgment was entered in the Personal Injury Suit against Lopez and in favor of the Bejars in the amount of $60,411,314.40 (which includes interest).

On November 22, 2021, the Bankruptcy Court entered an Order of Discharge, which released Lopez from any personal liability for, among other things, any personal liability in connection with the judgment in the Personal Injury Suit.  On December 14, 2021, the Bejars filed a Proof of Claim in the Bankruptcy Court based on their judgment.  The Bejars are the only creditors who timely filed a Proof of Claim.

**D.    Appeals in the Personal Injury Suit**

On March 7, 2022, Lopez appealed the judgment in the Personal Injury Suit.  Lopez did not contact or request permission or the involvement of the Trustee prior to filing her appeal.  On June 27, 2022, Lopez filed a second appeal in the Personal Injury Suit, appealing an order denying her Motion to Tax Costs.  Like the first appeal, Lopez did not contact or request permission or the involvement of the Trustee prior to filing her appeal.[2]

On April 27, 2022, the Clerk of the Court for the California Court of Appeals sent a letter to the parties, stating in part:

> The court has received notification of the filing by defendant and appellant Josefina Lopez on August 11, 2021 of a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code (Chapter 7) in the United States Bankruptcy Court for the Central District of California (case number 2:21-bk-16378). The court also received notification that on August 25, 2021, relief was granted in the bankruptcy court from the automatic stay imposed by 11 U.S.C. § 362 so that the litigation in the above-captioned case could proceed.

> Because the bankruptcy petition was filed under Chapter 7, a trustee was appointed in the bankruptcy court. The appointment of a trustee in a bankruptcy case filed under Chapter 7 generally divests the debtor of standing to proceed with any causes of action that are property of the bankruptcy estate, and it vests in the trustee authority to assert the claims of the debtor. (11 U.S.C. § 323; Reichert v. General Ins. Co. (1968) 68 Cal.2d 822, 829-830; In re Stoll (9th Cir. BAP 2000) 252 B.R. 492, 495.) Litigation that predates the filing of the

---

[2]  On February 23, 2023, Victoria filed a Notice of Appeal, appealing the LASC's order denying its Motion for Leave to Intervene and dismissing its Complaint in Intervention.

Initials of Deputy Clerk __sr__

bankruptcy petition is considered property of the bankruptcy estate. (11 U.S.C. § 541(a)(1); United States v. Whiting Pools, Inc. (1983) 462 U.S. 198, 205, fn. 9; Smith v. Arthur Andersen LLP (9th Cir. 2005) 421 F.3d 989, 1002.)

The complaint in BC675339 was filed in 2017. The litigation predates the filing of the August 11, 2021 bankruptcy petition. The litigation in BC675339 thus appears to be property of the bankruptcy estate. (11 U.S.C. § 541(a)(1).) While the appeal filed on March 7, 2022 post-dates the filing of the bankruptcy petition, the appeal is nevertheless arguably also property of the bankruptcy estate since the outcome of the appeal will determine the ultimate status of the appealed order or judgment issued in BC675339. Consequently, it appears the trustee has standing to appear in the appeal. (11 U.S.C. § 323; In re Stoll, supra, 252 B.R. at p. 495.)

Pending receipt in this court of information to the contrary, the court's case management system has been updated to reflect that the Chapter 7 trustee, Howard M. Ehrenberg, stands in appellant's stead. (11 U.S.C. § 323.)

In addition, the California Court of Appeals requested a response from the Trustee regarding his standing to appear in the appeals.  Specifically, the California Court of Appeals requested that:

If Mr. Ehrenberg does not have standing to appear in the appeal, either because he has abandoned the litigation to the debtor (11 U.S.C. § 554) or otherwise been discharged, or because the debtor remains the debtor-in-possession, Mr. Ehrenberg is requested, within 10 days of the date of this letter, to serve and file in this court notice of that fact, clarifying whether bankruptcy debtor Josefina Lopez may appear in the appeal and, if so, why. Likewise, if Mr. Ehrenberg will appear in the appeal and is represented by counsel, he is requested to supply this court with counsel's information within 10 days.

Although the California Court of Appeals only requested a response from the Trustee, both Lopez and the Bejars filed responses.  On May 31, 2022, Lopez responded and argued that Lopez should be permitted to pursue the appeals.  Specifically, Lopez's counsel stated that:

[W]e request either that the appeal in the name of Josefina Lopez be allowed to proceed based on the existing order of the Bankruptcy Judge, or, in the alternative, permission be granted for the filing of a motion with the Bankruptcy Judge Robles to clarify that the appeal should proceed in the name of the Bankruptcy Estate of Josefina Lopez . . . Bankruptcy Trustee Ehrenberg stated he had no objection to the appeal proceeding.

On June 15, 2022, the Bejars responded to Lopez's letter and requested a stay of the appeals "until such time as Victoria either intervenes in this appeal in its own name, or obtains a bankruptcy court order permitting it to pursue the appeal (either in its name or in Lopez's name)." Specifically, the Bejars argued that "the appeal cannot proceed in its current form" and that:

Initials of Deputy Clerk __sr__

One of three things must happen to cure Lopez's lack of standing. Either the Trustee must formally abandon the appeal to Lopez in the bankruptcy court, Victoria/Lopez must petition the bankruptcy court for an order permitting them to pursue the appeal in their own name, or Victoria must intervene in this action to protect its own interests in light of the fraudulent conveyance of the bad faith claim. Until one of those events occurs, this Court must stay the appeal.

On June 17, 2022, the California Court of Appeals asked the Trustee to respond to Lopez's May 31, 2022 letter.  On June 27, 2022, the Trustee stated that:

> The court first inquired whether I agree with Debtor's contention that she has standing to proceed with the appeal in her own name. I do not agree with that contention.  The property of a debtor's estate includes "all legal or equitable interests of the debtor" as of the commencement of a debtor's bankruptcy case (11 U.S.C. section 541(a)(1).)  During the pendency of a Chapter 7 bankruptcy case, the trustee is the exclusive party with the right to administer the assets of the debtor's bankruptcy estate and liabilities of the debtor's bankruptcy estate, including standing to pursue an appeal. (See Smith v. Arthur Anderson LLP, 421 F.3d 989, 1002 (9th Cir 2005).
>
> Absent a bankruptcy court order approving a motion made by me to abandon my rights, or an order approving the sale of the appellate rights to the Debtor, neither of which I intend [to] pursue in this case, Debtor does not have standing to pursue the appeal in her own name. (See People v. Kings Corp. (1986) 188 Cal.App.3d 544, 549 ("Since the interests of [the bankrupt debtor] in this matter, including the right to appeal, passed to the trustee in bankruptcy by operation of law, it follows that the trustee, not the bankrupt [debtor], was the proper party to bring the appeal'').)
>
> I also object to Lopez' request that she be afforded 60 days in which to seek bankruptcy court approval to pursue this appeal in her own name.  I do not believe that such a request is appropriate since I have not and do not intend to abandon the appeal.

On September 20, 2022, the California Court of Appeals issued Orders denying Lopez's request to appear in the appeals "in her own stead" and stated that it would continue to recognize the Trustee as the "real-party appellant."  In addition, the Orders advised and provided notice that the California Court of Appeals was considering dismissing both appeals as filed by a party (Lopez) without standing to do so and provided the Trustee with an opportunity to brief the standing issue and whether the appeals should be dismissed for lack of standing.  In his September 30, 2022 letter brief, the Trustee stated, in relevant part, that:

> With respect to the two issues the Court has asked me to address, standing and dismissal of the appeal, I respond as follows.  Based on my knowledge of the facts and bankruptcy law, [Lopez] lacked standing to file the Appeals when she filed them. Whether that lack of standing requires the Court to dismiss the Appeals, or whether it is appropriate to substitute me in as the Appellant is a legal issue on which I express no opinion.

Initials of Deputy Clerk  _sr_

The Trustee also made it clear that he had not filed or authorized the filing of the appeals. Specifically, the Trustee stated that:

> Neither fo the Appeals in this matter – B321685 and B319582 – were filed by me, at my direction nor with my authorization.  It is my understanding that the Appeals were filed by the Insurance Company's Counsel who solely represents Debtor's interests. While I have cooperated with Insurer's counsel, that counsel does not represent me or the best interests of the Estate.  I have not authorized or asked the Insurance Company's Counsel to act on my behalf.

Indeed, the Trustee stated that he had explicitly decided that it was in the best interest of the estate not to pursue the appeals, and that the first time Lopez or Victoria had requested that he take any action with respect to the appeals was the previous afternoon (September 29, 2022) when counsel for Victoria requested the Trustee to ask for "sufficient time to file a motion permitting [the Trustee] to be substituted in to litigate the appeal."  Specifically, the Trustee stated that:

> As a Trustee it is my obligation to act in the best interest of the Bankruptcy Estate so as to maximize recovery to the creditors. In exercising my business judgment I believed that an appeal of the Judgment was not in the best interest of the Bankruptcy Estate and thus took no action to appeal the judgment or post-judgment order, nor was I asked to do so.

> At no time prior to Debtor's filing of the March 7, 2022 or June 27, 2022 appeals did Debtor, her Insurer or counsel the Insurer retained to represent Lopez ("Insurance Company's Counsel") request that I file an appeal of the Judgment or the post-judgment order. Nor did Debtor, her Insurer or the Insurance Company's Counsel request permission from me to file the Appeals. The first time I received a request to take any action with respect to the Appeals is the letter I received yesterday, requesting that I ask this court for the delay.

> In May of this year the Insurance Company's Counsel contacted me and asked if I objected to Appellant pursuing the Appeal of the judgment. I advised him that I did not object to Appellant pursuing the appeal. However, I did not ask him nor did he request that I pursue the Appeal in my name.

> I am, and at all times have been, unrepresented in the Appeals. I have not retained counsel in connection with the Appeals, and was never asked to retain counsel by Appellant or her Insurer. The Insurance Company's Counsel does not represent me, and I was not asked to retain that counsel. Moreover, even though the Insurer is willing to pay for the costs of counsel of its choice to prosecute the Appeals, that counsel cannot represent my interests unless they obtain bankruptcy court approval for their employment under Bankruptcy Code § 327. Neither the Insurer's bankruptcy counsel, appellate counsel nor anyone else on behalf of the Insurer has requested that I retain counsel and file such an Application.

The Trustee concluded by stating that he "Never Abandoned The Right to Appeal To [Lopez] Nor

Initials of Deputy Clerk __sr__

Did The [Bankruptcy] Court Order The Rights To Be Abandoned."

**E.      Lopez and Victoria's Motions and Appeals in the Bankruptcy Case**

**1.      The Bankruptcy Court's December 20, 2022 Order Denying Lopez and Victoria's Motion for an Order Compelling Abandonment of Debtor's Appellate Rights**

On October 24, 2022, and in light of the California Court of Appeals' September 20, 2022 Orders regarding the potential dismissal of the appeals, Lopez and Victoria filed a Motion for an Order Compelling Abandonment of Debtor's Appellate Rights ("Motion to Abandon") in the Bankruptcy Court.  In the Motion to Abandon, Lopez and Victoria requested that the Bankruptcy Court either enter an order confirming that Lopez's right to appeal the Judgment in the Personal Injury Suit was not property of the bankruptcy estate or, if it was property of the bankruptcy estate, grant Lopez's request to compel the Trustee to abandon the appeals.  On November 1, 2022, the Bejars and the Trustee filed their Oppositions to the Motion to Abandon.  On December 20, 2022, the Bankruptcy Court issued a thorough and well-reasoned eight-page, single-spaced Memorandum of Decision Denying the Motion to Abandon and entered a formal Order Denying the Motion to Abandon ("December 20, 2022 Order").

In the December 20, 2022 Order, the Bankruptcy Court concluded that the defensive appellate rights of Lopez were property of the bankruptcy estate, that Victoria and Lopez had erred by not including the Trustee as a necessary party when they unilaterally appealed the judgment in the Personal Injury Suit, and that nothing in the Bankruptcy Court's prior Stay Relief Order affected these issues.  Specifically, the Bankruptcy Court concluded that the issues presented in the Appellants' Motion to Abandon were discrete and narrow and noted that:

> At the outset, the Court finds it appropriate to emphasize that there are only two questions at issue in connection with the Motion: whether the [Personal Injury Suit] Appeals are property of the estate and if so, whether the Trustee should be compelled to abandon the Appeals.

Having defined the issues, the Bankruptcy Court then found "that the Appeals *are* property of the estate," and concluded that the case of *Mozer v. Goldman (In re Mozer)*, 302 B.R. 892 (C.D. Cal. 2003) was directly on point.  In *Mozer*, the debtors filed a Chapter 7 petition after a substantial judgment was entered against them, and the trustee subsequently sought authorization to sell the debtors' right to defend against an appeal of the judgment.  In opposing the sale, the debtors argued that their right to defend against the appeal was not property of the estate because the judgment against them was a liability, not an asset.  The *Mozer* court overruled the debtors' opposition to the sale of the debtors' defensive appellate rights.  Noting that "rights created or granted by statute" constitute property under California law, the *Mozer* court concluded:

> The right to appeal is valuable in nature and is the property of the bankruptcy estate under California's broad concept of property rights.  Therefore, all of the Debtors' appellate rights, including the Defensive Appellate Rights, are saleable by the Trustee.  The Defensive Appellate Rights arising from a judgment against the Debtor are not qualitatively different with respect to their status as property than appellate

rights arising from a judgment on the Debtors' claims.  The Debtors are unable to cite to any California or Federal authority in support of their position.

*Mozer*, 302 B.R. 892, 896 (C.D. Cal. 2003).  The Bankruptcy Court concluded that "[a]s was the case in *Mozer*," Lopez's "defensive appellate rights are 'valuable in nature' and are 'property of the bankruptcy estate under California's broad concept of property rights,'" and noted that the Trustee has represented that he is considering selling Lopez's defensive appellate rights.

In the December 20, 2022 Order, the Bankruptcy Court also rejected Victoria's argument that *Mozer* did not apply because specific provisions in its insurance policy limited the rights that passed to the Trustee when Lopez filed her bankruptcy petition.  Specifically, Victoria argued that the policy provisions requiring Lopez to cooperate with Victoria and providing that Victoria would pay the cost of any appeal it determines is necessary when read together gave Victoria the right to determine whether to bring an appeal and to control the appeal once it is brought.  In rejecting that argument the Bankruptcy Court correctly concluded that:

> The Insurer's argument rests upon a mistaken premise.  At the time the Appeals were filed, the Insurer could have sought authorization from the Trustee to file the Appeals in the estate's name.  Had the Insurer done so and the Trustee refused, an argument could be made that such refusal would have violated the Policy's cooperation clause.  But that is not what occurred. The Insurer did not seek authorization from the Trustee to file the Appeals in the estate's name.  Instead, the Insurer elected to unilaterally file the March 7, 2022 appeal without even contacting the Trustee.  Had the Insurer proceeded properly by either seeking the Trustee's permission to file the March 7, 2022 appeal in the estate's name, or at the very least seeking the Trustee's authorization to file the appeal, its right to determine whether to bring that appeal would have been vindicated.  The situation in which the Insurer now finds itself results not from overreach by the Trustee, but rather from the Insurer's failure to proceed properly with respect to the March 7, 2022 appeal.  Accordingly, there is no merit to the contention that provisions in the Policy pertaining to appeals and to the Debtor's duty to cooperate prevent the Appeals from becoming estate property.

Having determined that the Personal Injury Suit appeals are property of the estate, the Bankruptcy Court then considered and properly rejected the Appellants' argument that the Trustee should be compelled to abandon the estate's interest in the appeals.  The Bankruptcy Court concluded that under Section 554(b) of the Bankruptcy Code, an order compelling abandonment is the exception, not the rule, and that Appellants had "failed to demonstrate that an order compelling the abandonment of the Appeals is necessary or appropriate."  The Bankruptcy Court also rejected the Appellants' argument that the equities of the case required abandonment to allow Lopez to pursue the appeals and noted that the identical argument had been rejected in *Mozer*.  Finally, the Bankruptcy Court rejected the Appellants' argument that the estate had been divested of its interest in the appeals when the Bankruptcy Court lifted the automatic stay which allowed the Personal Injury Suit to proceed.  Specifically, the Bankruptcy Court concluded that:

> The only thing that the Court did when it approved the [Relief from Stay] Stipulation and entered the order lifting the automatic stay (the "RFS Order") was to permit the

Initials of Deputy Clerk  _sr_

State Court Action to proceed to final judgment.  The RFS Order made no findings regarding whether the Appeals constitute estate property, either explicitly or implicitly. In fact, no such findings could have been made; at the time the RFS Order was entered, the Appeals had not even been filed.

On January 3, 2023, Victoria and Lopez appealed the Bankruptcy Court's December 20, 2022 Order.[3]

### 2. The Bankruptcy Court's February 6, 2023 Order Denying Lopez and Victoria's Motion for Reconsideration of the Order Denying Abandonment

On December 29, 2022, Victoria and Lopez filed a Motion for Reconsideration of the Order Denying Abandonment ("Motion for Reconsideration").  On February 6, 2023, the Bankruptcy Court issued a thorough and well-reasoned four-page, single-spaced Memorandum of Decision Denying Motion for Reconsideration and entered a formal Order Denying the Motion for Reconsideration ("February 6, 2023 Reconsideration Order").  Specifically, the Bankruptcy Court concluded, in part, that:

> The Insurer's primary argument is that the RFS Order gave the Debtor the right to pursue the Appeals, and that as a result of the entry of the RFS Order, the "Appeals were properly filed and that the Movants may pursue the Appeals, without further involvement of the Bankruptcy Court or the Trustee."  The Insurer is not entitled to reconsideration of the Memorandum on this ground.  The RFS Order addressed the scope of the automatic stay; it did not address the separate issues of whether the Debtor's defensive appellate rights are property of the estate, and which party has standing to pursue those defensive appellate rights. The Insurer's argument that the RFS Order gave the Debtor standing to file the Appeals conflates these entirely separate issues.  As set forth in the Memorandum, it is well established that an order lifting the automatic stay does not "by itself release the estate's interest in the property" with respect to which the stay has been lifted.  *Catalano v. Comm'r*, 279 F.3d 682, 686–87 (9th Cir. 2002) (internal quotations and citations omitted).

---

[3]  Victoria and Lopez have filed four related appeals: (1) *In re Josefina Lopez*, Case No. 23-455-JFW), which was the appeal of the Bankruptcy Court's December 20, 2022 Order and which this Court dismissed on June 30, 2023; (2) *In re Josefina Lopez*, Case No. 23-1365-JFW, which was the appeal of the Bankruptcy Court's February 6, 2023 Reconsideration Order and which this Court dismissed on June 20, 2023; (3) *In re Josefina Lopez,* Case No. 23-1645-JFW, which was the appeal of the Bankruptcy Court's denial of Appellants' Motion for Preliminary Injunction in a related Adversary Proceeding (*Josefina Lopez, et al. v. Eric Bejar, et al.,* Adversary Case No. 22-ap-01219-ER), and which this Court dismissed as moot on June 30, 2023; and (4) *In re Josefina Lopez*, Case No. 23-4286-JFW, which is the pending appeal of the Bankruptcy Court's Order dismissing the Second Amended Complaint with prejudice and Order denying Appellants' Motion for Preliminary Injunction in the related Adversary Proceeding (*Josefina Lopez, et al. v. Eric Bejar, et al.,* Adversary Case No. 22-ap-01219-ER).

Initials of Deputy Clerk  _sr_

Throughout the Motion for Reconsideration, the Insurer argues that the findings in the Memorandum prejudice its due process rights by preventing it from challenging the State Court Judgment on the Debtor's behalf.  What this argument overlooks is the fact that the situation in which the Insurer now finds itself is entirely of its own making.  As the Court noted in the Memorandum, at the time the Appeals were filed, the Insurer could have sought authorization from the Trustee to file the Appeals in the estate's name, or at the very least sought the Trustee's authorization to file the Appeals.  Doing so would have eliminated any risk that the Appeals could be dismissed on standing grounds.  As the Court stated in the Memorandum: "The situation in which the Insurer now finds itself results not from overreach by the Trustee, but rather from the Insurer's failure to proceed properly with respect to the March 7, 2022 appeal."

On February 16, 2023, Victoria and Lopez appealed the Bankruptcy Court's February 6, 2023 Reconsideration Order.

### 3.   This Court's June 30, 2023 Order Affirming the Bankruptcy Court's December 20, 2022 Order and February 6, 2023 Reconsideration Order

On June 30, 2023, this Court affirmed the Bankruptcy Court's December 20, 2022 Order and February 6, 2023 Reconsideration Order and dismissed Victoria and Lopez's appeals in *In re Josefina Lopez*, Case No. 23-455-JFW and in *In re Josefina Lopez*, Case No. 23-1365-JFW.  In its June 30, 2023 Order, this Court concluded that the Bankruptcy Court correctly determined that Lopez's defensive appellate rights are property of the bankruptcy estate.  Specifically, this Court concluded that:

When an individual files for bankruptcy, 11 U.S.C. § 541(a) creates an estate which is comprised of "all . . . property, wherever located and by whomever held," including "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Although Section 541 contains broad enumerated ways that property is, or can become, property of the estate, the Bankruptcy Code does not contain an express definition of what is encompassed by "all legal or equitable interests of the debtor in property."  However, the Supreme Court explained that "Congress intended a broad range of property to be included in the estate."  *United States v. Whiting Pools Inc.*, 462 U.S. 198, 204 (1983).  In addition, California Civil Code § 655 defines what is property under California law.  Specifically, Section 655 provides that property includes: "ownership of all inanimate things . . . ; of all obligations; of such products of labor or skill, as the composition of an author; the goodwill of a business, trademarks and signs, and of rights created or granted by statute."

In addition, it is well settled in the Ninth Circuit that defensive appellate rights are estate property pursuant to 11 U.S.C. § 541(a).  See *Fridman v. Anderson (In re Fridman),* 2016 WL 3961303 (9th Cir. BAP July 15, 2016) ("The right to appeal a state court judgment is property that is part of a debtor's estate."); *see also McCarthy v. Goldman (In re McCarthy)*, 2008 WL 844338 (9th Cir. BAP Feb. 19, 2008 (upholding a Bankruptcy Court's determination that a debtor's defensive appellate

rights were estate property); *In re Marciano*, 2012 WL 4369743, at *1 (C.D. Cal. Sept. 25, 2012) (holding that under California law, the right to appeal an adverse judgment is a property right and therefore estate property).  Indeed, the issue is so well-settled, that in a similar case, *Hong v. Liu (In re Liu)*, 2020 WL 5543041 (C.D. Cal. Sep. 14, 2020), the court noted that "courts within the Ninth Circuit [have] made clear that defensive appellate rights are property of the estate" and chastised an attorney for excessive billing to research what was such "clear and well settled case law," concluding that the expenditure of large amounts of attorney time researching the issue was "grossly disproportionate to any possible benefit."

Moreover, the Court finds unpersuasive the Appellants' argument that because Lopez filed for bankruptcy prior to the entry of judgment in the Personal Injury Suit, her defensive appellate rights did not exist at the time the bankruptcy was filed and, as a result, are not estate property.  Property of the estate includes a debtor's interest in any future contingency so long as that contingency is "sufficiently rooted" in the debtor's pre-bankruptcy past.  *See In re Ryerson*, 739 F.2d 1423, 1426 (9th Cir. 1984); *see also Nichols v. Birdsell*, 491 F.3d 987, 990 (9th Cir. 2007), ("By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time").  In this case, the defensive appellate rights in the Personal Injury Suit were rights that Lopez possessed by virtue of her status as a defendant in the Personal Injury Suit, and those rights did not exist independent of the Personal Injury Suit.  The Personal Injury Suit was filed and pending prior to Lopez filing her bankruptcy petition.  Therefore, the Court concludes that Lopez's defensive appellate rights are "sufficiently rooted" in Lopez's pre-bankruptcy past and, as a result, are property of the estate.

Accordingly, the Court concludes that the Bankruptcy Court did not err in concluding that Lopez's defensive appellate rights in the Personal Injury Suit are property of the estate, and the Court affirms the Bankruptcy Court's December 20, 2022 Order.

In addition, this Court in its June 30, 2023 Order concluded that the Bankruptcy Court correctly determined that the Stay Relief Order did not divest the estate of its interest in the Appeals of the Personal Injury Suit.  Specifically, the Court concluded that:

> The Court also finds unpersuasive the Appellants' argument that the Stay Relief Order divested the estate of its interest in the appeals in the Personal Injury Suit and somehow gave the Appellants the right to unilaterally appeal the judgment in the Personal Injury Suit.  Section 362(a) of the Bankruptcy Code provides that upon the filing of a bankruptcy petition, the automatic stay is in effect to bar an enumerated list of collection activities.  Section 362(a)(1) specifically stays the continuation of any judicial proceeding against the debtor that was commenced before the bankruptcy filing.  In this case, the Personal Injury Suit was a judicial action to recover a claim against Lopez that was filed and pending before she filed her bankruptcy petition, and, thus, the Personal Injury Suit fell squarely within the automatic stay provision of Section 362(a)(1).  As a result, the Bejars were required

to obtain relief from the automatic stay before they could proceed with the Personal Injury Suit.  The Bankruptcy Court granted the Stay Relief Order, which lifted the automatic stay to allow the Bejars to proceed with the Personal Injury Suit. Specifically, the Stay Relief Order stated in part:

> Limitations on Enforcement of Judgment: Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.

The Court concludes that the legal effect of the Stay Relief Order was to modify the bankruptcy court protections afforded to Lopez from a specific creditor, the Bejars. However, the Stay Relief Order did not alter or change any of Lopez's rights arising from the Personal Injury Suit, including the fact that Lopez's defensive appellate rights had become property of the estate pursuant to Section 541(a) when she filed her bankruptcy petition.  Indeed, the Ninth Circuit has specifically rejected the Appellants' argument that the lifting of the automatic stay pursuant to Section 362(a) somehow constitutes a de facto abandonment of the estate's interest in the subject property.  In *Catalano v. C.I.R.*, 279 F.3d 682, 686-87 (9th Cir. 2002), the Ninth Circuit held that:

> [A]n order lifting the automatic stay by itself does not release the estate's interest in the property and "the act of lifting the automatic stay is not analogous to an abandonment of the property.   (citation omitted). Thus, property is not considered abandoned from the estate unless the procedures specified in § 554 are satisfied.  In short, an order lifting or modifying the automatic stay by itself does not constitute a de facto abandonment of the property from the bankruptcy estate.

> In light of the Ninth Circuit's holding in *Catalona*, the Bankruptcy Court correctly concluded  in its December 20, 2022 Order that the defensive appellate rights in the Personal Injury Suit were property of the estate pursuant to Section 541(a), and that the Stay Relief Order did not constitute a de facto abandonment of the estate's interest in those rights.

Accordingly, this Court concluded that the Bankruptcy Court did not err in denying the Appellants' Motion to Abandon or in denying the Appellants' Motion for Reconsideration, and this Court affirmed the Bankruptcy Court's December 20, 2022 Order and February 6, 2023 Reconsideration Order.  As a result, this Court dismissed with prejudice the appeals in Case Nos. CV 23-455-JFW and CV 23-1365-JFW.

### F.      Lopez and Victoria's Motions and Appeal in the Adversary Proceeding

On December 19, 2022, Victoria and Lopez filed an adversary proceeding, entitled *Josefina Lopez, et al. v. Eric Bejar, et al.,* Adversary Case No. 22-ap-01219-ER ("Adversary Proceeding"). On January 6, 2023, Victoria and Lopez filed a First Amended Complaint ("FAC") in the Adversary Proceeding.

Initials of Deputy Clerk _sr_

1.      **The Bankruptcy Court's February 9, 2023 Order Denying Lopez and Victoria's Motion for Preliminary Injunction**

On January 12, 2023, Victoria and Lopez filed a Motion for Preliminary Injunction in the Adversary Proceeding.  In their Motion for Preliminary Injunction, Victoria and Lopez sought a preliminary injunction: (1) directing the California Court of Appeal to stay its consideration of the Motions to Dismiss Appeals for Lack of Standing ("Motions to Dismiss Appeals") filed by the Bejars; (2) enjoin the Bejars and the Trustee from pursuing the Motions to Dismiss Appeals or otherwise filing additional or related pleadings; and (3) enjoining the Trustee from taking any action in pursuit of a sale, assignment, transfer, or other disposition of his rights to control the Appeals.

On February 7, 2023, the Bankruptcy Court issued a thorough and well-reasoned ten-page, single-spaced ruling denying the Motion for Preliminary Injunction and, on February 9, 2023, the Bankruptcy Court entered a formal Order Denying Motion for Preliminary Injunction.  On February 23, 2023, Victoria and Lopez appealed the Bankruptcy Court's February 9, 2023 Order to this Court in the case entitled *In re Josefina Lopez,* Case No. 23-1645-JFW.

On June 30, 2023, this Court entered an Order dismissing as moot Victoria and Lopez's appeal of the Bankruptcy Court's February 9, 2023 Order.  Specifically, this Court concluded (in the case entitled *In re Josefina Lopez,* Case No. 23-1645-JFW) that:

On June 1, 2023, the Appellants filed an appeal, In re Josefina Lopez (Case No. 23-4286-JFW), which is the appeal of the Bankruptcy Court's April 13, 2023 Order Dismissing Second Amended Complaint with Prejudice and the Bankruptcy Court's February 9, 2023 Order Denying Motion for Preliminary Injunction. The February 9, 2023 Order Denying Motion for Preliminary Injunction is the same order that is subject to this appeal (Case No. 23-1645-JFW). Therefore, the Court agrees with the parties that the appeal in this case (Case No. 23-1645-JFW) is moot in light of the filing of the appeal in Case No. 23-4286-JFW. See Appellees' Reply to Appellants' Opposition to Motion to Dismiss (Docket No. 43 in Case No. 23-1645-JFW) ("The Parties herein do not agree on much at all. As to this appeal only, however, there is some accord between the Parties regarding the procedural status of this appeal in light of the Bankruptcy Court's Order Dismissing the Adversary Proceeding. With that order now on appeal, this appeal has merged into the new appeal, and can only be addressed if this Court first overrules the Bankruptcy Court's Order Dismissing the Adversary Proceeding"); see also Appellants' Opposition to the Appellees' Motion to Dismiss (Docket No. 42 in Case No. 23-1645-JFW) (stating that "so long as nothing is done in this matter [Case No. 23-1645-JFW] to impair or prejudice Appellants' rights in the [Case No. 23-4286-JFW] Appeal, a denial of the pending Motion for Leave to Appeal would not be troubling to Lopez and Victoria").

2.      **The Bankruptcy Court's April 13, 2023 Order Dismissing the SAC in the Adversary Proceeding with Prejudice**

On February 10, 2023, the Trustee and the Bejars filed their respective Motions to Dismiss Adversary Proceeding.  On March 13, 2023, the California Court of Appeal filed a Motion to

Initials of Deputy Clerk __sr__

Dismiss Adversary Proceeding.  On March 29, 2023, Victoria and Lopez filed a Motion to Amend and a Proposed Second Amended Complaint ("SAC") in the Adversary Proceeding.  The proposed SAC alleged three claims: (1) declaratory relief pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. §§ 2201 and 2202 "directed to the California Court of Appeal and the Proceedings therein"; (2) injunctive relief pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 2202 "directed to the California Court of Appeal and the Proceedings therein"; and (3) declaratory relief pursuant to 28 U.S.C. § 2201 as to the Trustee and the Bejars.  In the SAC, Victoria and Lopez seek "injunctive and declaratory relief in connection with the two appeals taken by the debtor, Josefina Lopez, in the state court personal injury action of *Eric and Christina Bejar v. Josefina Lopez*, which appeals are pending in the California Court of Appeal, and certain developments in that court over which the bankruptcy court has exclusive jurisdiction."  SAC, ¶ 1.  Victoria and Lopez allege that the California Court of Appeal's September 20, 2022 Orders "overstepped the bankruptcy court's exclusive jurisdiction, in two respects": (1) "[i]t overstepped [the Bankruptcy] Court's exclusive jurisdiction as to modifications of the automatic stay"; and (2) "[i]t also overstepped [the Bankruptcy] Court's exclusive jurisdiction over determinations of property of the estate under circumstances . . . where the 'property of the estate' determination is also central to the administration of the estate overall."  SAC, ¶ 7.  As a result, Victoria and Lopez allege that the California Court of Appeal's September 20, 2022 Orders "should be declared null and void, and these core bankruptcy issues should be instead presented to this Court," SAC, ¶ 8.

On April 12, 2023, the Bankruptcy Court issued a thorough and well-reasoned ten-page, single-spaced ruling authorizing the filing of the Proposed SAC, deeming the SAC to be the operative Complaint, construing the Motions to Dismiss as having been directed to the SAC rather than to the FAC, and dismissing the SAC with prejudice.  On April 13, 2023, the Bankruptcy Court entered an Order Dismissing Second Amended Complaint with Prejudice.  On April 26, 2023, Victoria and Lopez appealed the Bankruptcy Court's April 13, 2023 Order and February 9, 2023 Order to this Court in this case, entitled *In re Josefina Lopez*, Case No. 23-4286-JFW.

## II.   Issues on Appeal

The issues on appeal are:

1.   Whether the Bankruptcy Court erred in its April 13, 2023 Order by dismissing with prejudice the SAC in the Adversary Proceeding; and

2.   Whether the Bankruptcy Court erred in its February 9, 2023 Order by denying Victoria and Lopez's Motion for Preliminary Injunction.

## III.   Legal Standards

The standard of review of bankruptcy court decisions by district courts is well-established, and uncontested by the parties.  When reviewing decisions of a bankruptcy court, district courts apply standards of review applicable to the courts of appeals when reviewing district court decisions.  *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997); *see also In re Fields*, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions.") (citation omitted).

Initials of Deputy Clerk  _sr_

On appeal, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Federal Rules of Bankruptcy Procedure 8013.  Generally, a district court reviews a bankruptcy court's factual findings "'under the clearly erroneous standard and its conclusions of law de novo.'"  *Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 787 F.2d 1352, 1357 (9th Cir. 1986) (*quoting Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).  "Mixed questions of law and fact are reviewed de novo."  *Beaupied v. Chang* (*In re Chang*), 163 F.3d 1138, 1140 (9th Cir.1998).

In reviewing a Bankruptcy Court's decision to grant a motion to dismiss, a district court reviews legal determinations de novo.  *See In re Olshan*, 356 F.3d 1078, 1083 (9th Cir.2004); *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir.2010).  In addition, a district court reviews a Bankruptcy Court's decision to deny leave to amend under an abuse of discretion standard.  *See Leadsinger, Inc. v. VMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir.2008).  A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (*citing United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## IV.   Discussion

In their appeal, Appellants argue that the Bankruptcy Court erred in dismissing with prejudice the SAC in the Adversary Proceeding and by denying their Motion for Preliminary Injunction.  Specifically, Appellants argue that they are entitled to declaratory relief with respect to the California Court of Appeal's September 20, 2022 Orders and with respect to the definition of "property" under California law and 11 U.S.C. § 558.  Appellants also argue that the Bankruptcy Court erred in dismissing the second claim alleged in the SAC for injunctive relief and for denying their Motion for Preliminary Injunction.  The Bejars and the California Court of Appeal argue that the Bankruptcy Court correctly dismissed with prejudice the SAC filed in the Adversary Proceeding and denied the Motion for Preliminary Injunction.  In addition, the Bejars and California Court of Appeal argue that this fourth appeal is nothing more than an attempt to delay the bankruptcy proceedings by re-litigating issues already decided by both this Court and the Bankruptcy Court and Appellants should be precluded from raising those issue again in this appeal.

### A.    The Bankruptcy Court's April 13, 2023 Order

In the April 13, 2023 Order, the Bankruptcy Court granted Appellants' Motion for Leave to Amend and the SAC became the operative complaint in the Adversary Proceeding.  The Bankruptcy Court then determined that the arguments made in the then-pending Motions to Dismiss filed by the Bejars, the California Court of Appeal, and the Trustee were applicable to the SAC.  Specifically, the Bankruptcy Court concluded that:

> The Court's first task is to determine whether it is appropriate to adjudicate the Motions to Dismiss in view of the Motion for Leave to Amend and the Proposed SAC. In this respect, the Court notes that the arguments presented in the Motions to Dismiss apply with equal force to both the [FAC] and the Proposed SAC.  The Court will authorize the filing of the Proposed SAC, deem the Proposed SAC to be the

operative Complaint, and construe the Motions to Dismiss to have been directed to the SAC rather than to the Complaint.  This approach is appropriate because requiring the Defendants to file renewed Motions to Dismiss directed to the SAC that would be substantially identical to the Motions to Dismiss already on file would result only in needless delay and increased costs for all parties.  As set forth in Bankruptcy Rule 1001, the Court must construe the procedural rules in manner that secures the "just, *speedy*, and *inexpensive* determination of every case and proceeding" (emphasis added).

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

The Bankruptcy Court then determined that the SAC was "fatally deficient" and granted the three pending Motions to Dismiss that had been filed by the Bejars, the Trustee, and the California Court of Appeal.  As a result, in its April 13, 2023 Order, the Bankruptcy Court dismissed the SAC with prejudice, concluding that granting leave to amend would be futile.  Specifically, in its April 13, 2023 Order, the Bankruptcy Court concluded that:

> The premise of the SAC is that in raising the issue of whether the Appeals had been filed by a party lacking standing, the State Appellate Court was effectively reimposing the automatic stay, in violation of the Bankruptcy Court's exclusive jurisdiction.  As a matter of law, this premise is incorrect.

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

In addition, the Bankruptcy Court carefully explained in its April 13, 2023 Order that the issues of whether a party has standing and whether an action violates the automatic stay are separate and distinct:

> The question of whether a party has standing has no bearing upon the separate question of whether an action violates the automatic stay. Courts have an obligation to independently determine whether the parties appearing before them have standing to seek relief. Standing is a jurisdictional issue, *Morgan v. United States*, 958 F.2d 950, 951–52 (9th Cir. 1992), and where a court determines it lacks jurisdiction, the court is obligated to dismiss the action, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).  A finding that a court's determination as to a party's standing could somehow violate the automatic stay would prevent courts from discharging a basic obligation that arises in connection with every case and controversy.

> Therefore, the 9/20/22 State Appellate Court Order did not violate the automatic stay. The SAC's allegation that the 9/20/22 State Appellate Court Order "usurped and impaired the Bankruptcy Court's exclusive jurisdiction" because it "entailed a further modification of the automatic stay," SAC at ¶ 133, fails as a matter of law.

> The Insurer . . . makes a related but distinct argument with respect to the automatic stay that is also without merit.  The argument is that only this Court had

Initials of Deputy Clerk  _sr_

jurisdiction to determine whether the 9/20/22 State Appellate Court Order violated the stay.  According to the Insurer, by issuing the 9/20/22 State Appellate Court Order without first seeking this Court's authorization, the State Appellate Court interfered with this Court's jurisdiction over issues pertaining to the automatic stay and property of the estate.

It is true that the Bankruptcy Court has exclusive jurisdiction to modify the automatic stay.  *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir. 2000).  It is also true that "the federal courts have the final authority to determine the scope and applicability of the automatic stay."  *Id*. at 1083.  However, contrary to the Insurer's argument, *Gruntz* does not stand for the proposition that state courts lack the ability to determine the applicability of the automatic stay.  State courts can, and frequently do, make determinations regarding whether the automatic stay bars litigation before them from proceeding.  As a matter of good practice, state courts often refer questions regarding the applicability of the automatic stay to the Bankruptcy Court, since "judicial proceedings in violation of the automatic stay are void."  *Id*. at 1082.  However, a state court is not required to refer questions regarding applicability of the stay to the Bankruptcy Court, provided it is willing to bear the risk of "having its final judgment declared void."  *Id*. at 1087.  In fact, the state court in *Gruntz* did not refer the question of the applicability of the automatic stay to the Bankruptcy Court, and was ultimately vindicated when the Ninth Circuit found that the proceedings conducted by the state court fell within an exception to the stay.  Therefore, to the extent that the 9/20/22 State Appellate Court Order constituted an implicit determination with respect to either the applicability of the automatic stay or what assets are property of the bankruptcy estate, the issuance of that order did not impair this Court's jurisdiction, because nothing within the 9/20/22 State Appellate Court order either violated the automatic stay or amounted to an impermissible attempt to assert control over estate property.

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

Finally, the Bankruptcy Court concluded in its April 13, 2023 Order that Appellants had failed to state a claim with respect to whether Lopez's defensive appellate rights were property of the bankruptcy estate:

The only legal theories in the SAC not predicated upon the false premise that the 9/20/22 State Appellate Court Order interfered with the Bankruptcy Court's jurisdiction are the requests for (1) declaratory judgment that the right to appeal does not constitute "property" within the meaning of Cal. Code Civ. Proc. § 902 and (2) declaratory judgment that under § 558, the Debtor has the continued right to assert her defenses before the State Appellate Court, regardless of whether the Trustee also asserts such defenses.  As explained below, both these requests fail to state a claim upon which relief can be granted.

The request for declaratory judgment regarding the definition of "property" for purposes of Cal. Code Civ. Proc. § 902 fails as a matter of law because the Court previously determined in the Memorandum that the estate's interest in the Appeals

constituted property of the estate. See Memorandum at 5–7.  The finding that the Appeals constituted estate property was reaffirmed when the Court denied the Insurer's request for reconsideration of the Memorandum.  *See generally* Memorandum of Decision Denying Motion for Reconsideration [Bankr. Doc. No. 128].  Implicit in the finding that the Appeals constituted property of the estate was a finding that the Appeals constituted property under California law.  The Insurer's request for declaratory relief regarding the definition of "property" is nothing more than a disguised attempt to obtain reconsideration, for a second time, of an issue that has already been decided.  As such, the request is not proper. Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted); *see also In re Mannie,* 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

The request for a declaratory judgment that the Debtor had the right under § 558 to assert defenses before the State Appellate Court fails as a matter of law because by pursuing such request, the Insurer is attempting to obtain federal review of matters pending before the State Appellate Court, in violation of the Rooker-Feldman doctrine.  The purpose of the § 558 declaratory relief request is to prevent the State Appellate Court from dismissing the Appeals on standing grounds. The request therefore amounts to a jurisdictional attack on a matter that is properly before the State Appellate Court.  The bar on such jurisdictional attacks is illustrated by *MacKay v. Pfeil*, 827 F.2d 540 (9th Cir. 1987).  In that case, MacKay filed an action in federal district court, alleging that a judgment entered by an Alaska state court was void because the court lacked personal jurisdiction.  MacKay sought from federal court a declaration that the judgment entered by the state court was void. The *MacKay* court held that the jurisdictional attack upon the state court's judgment was barred by the Rooker-Feldman doctrine.  *MacKay*, 827 F.2d at 545.

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

## B.    The Bankruptcy Court Did Not Err in Its April 13, 2023 Order in Dismissing the SAC with Prejudice

As the Bejars and the California Court of Appeals point out in their Briefs, Appellants' appeal is largely based on arguments that they have previous made in their prior appeals and that have been rejected, multiple times, by both the Bankruptcy Court and this Court.  For example, Appellants argue that the California Court of Appeal's September 20, 2022 Orders "effectively modified the automatic stay by imposing a bankruptcy stay on Lopez, after the stay for the Bejar Action had been lifted."  Opening Brief, 33:24-28.  Appellants also argue that the Bankruptcy Court's determination that Lopez's defensive appellate rights were property of the estate was "erroneous."  Opening Brief, 39:16-20 and 40:1-7.  However, this Court previously concluded in its June 30, 2023 Order that the "the legal effect of the Stay Relief Order was to modify the bankruptcy court protections afforded to Lopez from a specific creditor, the Bejars," but that "the Stay Relief Order did not alter or change any of Lopez's rights arising from the Personal Injury Suit,

Initials of Deputy Clerk  sr

including the fact that Lopez's defensive appellate rights had become property of the estate pursuant to Section 541(a) when she filed her bankruptcy petition."  This Court also concluded in its June 30, 2023 Order that "it is well settled in the Ninth Circuit that defensive appellate rights are estate property pursuant to 11 U.S.C. § 541(a)."  In addition, Appellants argue in this appeal that there is "no justifiable basis for concluding that § 655 should be deemed the appropriate definition of 'property' under California law."  Opening Brief, 38:1-2.  However, this Court previously concluded that "California Civil Code § 655 defines what is property under California law."  Therefore, although this Court will address the issues raised by Appellants in this appeal, it also incorporates by reference its June 30, 2023 Order in *In re Josefina Lopez*, Case No. 23-455-JFW, and *In re Josefina Lopez*, Case No. 23-1365-JFW, which affirmed the Bankruptcy Court's December 20, 2022 Order and February 6, 2023 Reconsideration Order.

Accordingly, for the reasons stated in its June 30, 2023 Order and for the reasons stated below, the Court concludes that the Bankruptcy Court did not err in dismissing the SAC with prejudice.

### 1. The Bankruptcy Court Did Not Err in Dismissing the SAC's Declaratory Relief Claim Regarding the California Court of Appeal's September 20, 2022 Orders

Appellants argue that the Bankruptcy Court erred in dismissing the SAC's Declaratory Relief Claim challenging the California Court of Appeal's September 20, 2022 Orders because the Bankruptcy Court failed to consider whether the California Court of Appeal had intruded on the Bankruptcy Court's exclusive jurisdiction and violated the automatic stay when that court concluded that Lopez lacked standing to pursue her appeals in the Personal Injury Suit.  This Court concludes that Appellants' argument regarding the effect of the California Court of Appeal's September 20, 2022 Orders on the automatic stay issue is unpersuasive.  Section 362(a) of the Bankruptcy Code provides that upon the filing of a bankruptcy petition, the automatic stay bars an enumerated list of collection activities.  Section 362(a)(1) specifically stays the continuation of any judicial proceeding against the debtor commenced before the bankruptcy filing.  In this case, the Personal Injury Suit was a judicial action to recover a claim against Lopez that was filed and pending before she filed her bankruptcy petition, and, thus, the Personal Injury Suit falls squarely within the automatic stay provision of Section 362(a)(1).  Although nothing contained in Section 362 prevented Lopez from defending the Personal Injury Suit, Lopez was not required to do so because the automatic stay barred the Bejars from prosecuting that action.  As a result, the Bejars were required to obtain relief from the automatic stay before they could proceed with the Personal Injury Suit.  The Bankruptcy Court granted the Stay Relief Order, which lifted the automatic stay and allowed the Bejars to proceed with the Personal Injury Suit.  Thus, as this Court previously concluded, the legal effect of the Stay Relief Order was to modify the bankruptcy court protections afforded to Lopez from a specific creditor, the Bejars.  However, the Stay Relief Order did not alter or change any of Lopez's rights arising out of the Personal Injury Suit, including the fact that Lopez's defensive appellate rights had become property of the estate pursuant to Section 541(a) when she filed her bankruptcy petition.

In addition, the Court agrees with the Bankruptcy Court that in the September 20, 2022 Orders, the court simply determined its own jurisdiction – specifically, whether the parties appearing before the California Court of Appeal had standing to seek relief – and did not "intrude

upon" the Bankruptcy Court's jurisdiction.  Indeed, nothing in the Section 362 suggests that the California Court of Appeal can or should be enjoined from determining its own jurisdiction over a matter.  As the Bankruptcy Court correctly concluded:

> The premise of the SAC is that in raising the issue of whether the Appeals had been filed by a party lacking standing, the State Appellate Court was effectively reimposing the automatic stay, in violation of the Bankruptcy Court's exclusive jurisdiction. As a matter of law, this premise is incorrect.
>
> The question of whether a party has standing has no bearing upon the separate question of whether an action violates the automatic stay.  Courts have an obligation to independently determine whether the parties appearing before them have standing to seek relief. Standing is a jurisdictional issue, *Morgan v. United States*, 958 F.2d 950, 951–52 (9th Cir. 1992), and where a court determines it lacks jurisdiction, the court is obligated to dismiss the action, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). A finding that a court's determination as to a party's standing could somehow violate the automatic stay would prevent courts from discharging a basic obligation that arises in connection with every case and controversy.
>
> Therefore, the 9/20/22 State Appellate Court Order did *not* violate the automatic stay. The SAC's allegation that the 9/20/22 State Appellate Court Order "usurped and impaired the Bankruptcy Court's exclusive jurisdiction" because it "entailed a further modification of the automatic stay," SAC at ¶ 133, fails as a matter of law.

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

Accordingly, the Court concludes that the Bankruptcy Court did not err in dismissing the SAC's Declaratory Relief Claim relating to the California Court of Appeal's September 20, 2022 Orders.

### 2. The Bankruptcy Court Did Not Err in Dismissing the SAC's Injunctive Relief Claim

Appellants argue that in dismissing the SAC, the Bankruptcy Court failed to address their claim for injunctive relief, "which seeks injunctive relief as against the [California Court of Appeal], to protect against potential dismissal of the Lopez Appeals while these issues are being addressed in the federal courts."  Opening Brief, 51:15-18.  Notwithstanding Appellants' argument to the contrary, the Bankruptcy Court did address the SAC's injunctive relief claim, which clearly overlaps with the SAC's declaratory relief claim regarding California Court of Appeal's September 20, 2022 Orders.  Indeed, the Bankruptcy Court decided the SAC's injunctive relief claim (as well as the SAC's declaratory judgment claim regarding the California Court of Appeal's September 20, 2022 Orders) in its ruling that it was entirely predicated on "the false premise that the 9/20/22 State Appellate Court Order interfered with the Bankruptcy Court's jurisdiction."  Specifically, the Bankruptcy Court held that the California Court of Appeal's September 20, 2022 Orders did not modify or violate the automatic stay.  In addition, the Bankruptcy Court concluded that:

Initials of Deputy Clerk  _sr_

It is true that the Bankruptcy Court has exclusive jurisdiction to *modify* the automatic stay. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir. 2000). It is also true that "the federal courts have the final authority to determine the scope and applicability of the automatic stay." *Id.* at 1083. However, contrary to the Insurer's argument, . . . [s]tate courts can, and frequently do, make determinations regarding whether the automatic stay bars litigation before them from proceeding. As a matter of good practice, state courts often refer questions regarding the *applicability* of the automatic stay to the Bankruptcy Court, since "judicial proceedings in violation of the automatic stay are void." *Id.* at 1082. However, a state court is not *required* to refer questions regarding applicability of the stay to the Bankruptcy Court . . .

April 13, 2023 Order (Adversary Proceeding Docket Nos. 89, 90, 91, and 93).

Accordingly, the Court concludes that the Bankruptcy Court did not err in dismissing the SAC's Injunctive Relief Claim.[4]

### 3. The Bankruptcy Court Did Not Err in Dismissing the SAC's Declaratory Relief Claim Regarding the Definition of "Property" Under California Law and 11 U.S.C. § 558

Appellants argue that the Bankruptcy Court failed to address their requested relief with

---

[4] In this case, this Court can only address the Bankruptcy Court's February 9, 2023 Order (denying Appellants' Motion for Preliminary Injunction) if it reverses the Bankruptcy Court's April 13, 2023 Order (dismissing the Adversary Proceeding). *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017) *(citing to SEC v. Mount Vernon Memorial Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982)); *see also Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1301 (9th Cir. 2013) (holding that the denial of a preliminary injunction merged into the final judgment when the district court granted a motion to dismiss the underlying case). Because this Court affirms the Bankruptcy Court's April 13, 2023 Order and agrees with the Bankruptcy Court's conclusion that Appellants' injunctive relief claim is entirely predicated on "the false premise that the 9/20/22 State Appellate Court Order interfered with the Bankruptcy Court's jurisdiction," the Court need not address Appellants' arguments that the Bankruptcy Court applied the wrong legal standard in denying the Motion for Preliminary Injunction. However, even if this Court were to consider those arguments, this Court also concludes that those arguments are unpersuasive. Appellants argue that the Bankruptcy Court erred in applying the general injunction standard instead of the less stringent standard required for enforcement of the automatic stay. However, this argument, once again, fails because it is entirely predicated on Appellants' false premise that the California Court of Appeal's September 20, 2022 Orders somehow altered or violated the automatic stay. Appellants also argue in the alternative that even if the general injunction standard applies, the Bankruptcy Court abused its discretion in denying the Motion for Preliminary Injunction because it failed to apply the Ninth Circuit's "sliding scale" approach. However, despite Appellants' argument to the contrary, the Bankruptcy Court applied the correct factors, thoroughly analyzed their application to the facts of this case, and concluded that Appellants had failed to make a sufficient showing for the issuance of an injunction.

Initials of Deputy Clerk __sr__

respect to their declaratory judgment claim regarding the definition of "property" under California law and 11 U.S.C. § 558.  In their prayer in the SAC, Appellants requested an order declaring that: (1) "[t]he right to appeal, as provided for in Cal. Code Civ. Proc. § 902, is not "property" within the meaning of California law"; (2) "Lopez has only been asserting defenses in the Bejar action, not affirmative claims or causes of action against the Bejars"; and (3) "[p]ursuant to 11 U.S.C. § 558, and other provisions of the Bankruptcy Code, post-petition, Lopez had and has the continued right to assert her defenses in the Bejar action, irrespective of the automatic stay, and regardless whether the Trustee also asserted them or not."  However, despite Appellants' arguments to the contrary, the Court concludes that the Bankruptcy Court did address Appellants' requested relief.  Specifically, the Bankruptcy Court held that it had already determined that under California law, Lopez's defensive appellate rights were property of the estate and that Appellants' request for "declaratory judgment" was "nothing more than a disguised attempt to obtain reconsideration, for a second time, of an issue that has already been decided.  As such, the request is not proper."

In addition, the Court concludes that the Bankruptcy Court properly concluded that Lopez's defensive appellate rights were property of the estate.  When an individual files for bankruptcy, 11 U.S.C. § 541(a) creates an estate which is comprised of "all . . . property, wherever located and by whomever held," including "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Although Section 541 contains broad enumerated ways that property is, or can become, property of the estate, the Bankruptcy Code does not contain an express definition of what is encompassed by "all legal or equitable interests of the debtor in property."  However, the Supreme Court explained that "Congress intended a broad range of property to be included in the estate."  *United States v. Whiting Pools Inc.*, 462 U.S. 198, 204 (1983).  In addition, California Civil Code § 655 defines what is property under California law.  Specifically, Section 655 provides that property includes: "ownership of all inanimate things . . . ; of all obligations; of such products of labor or skill, as the composition of an author; the goodwill of a business, trademarks and signs, and of rights created or granted by statute."

Moreover, it is well settled in the Ninth Circuit that defensive appellate rights are estate property pursuant to 11 U.S.C. § 541(a).  See *Fridman v. Anderson (In re Fridman),* 2016 WL 3961303 (9th Cir. BAP July 15, 2016) ("The right to appeal a state court judgment is property that is part of a debtor's estate."); *see also McCarthy v. Goldman (In re McCarthy)*, 2008 WL 844338 (9th Cir. BAP Feb. 19, 2008 (upholding a Bankruptcy Court's determination that a debtor's defensive appellate rights were estate property); *In re Marciano*, 2012 WL 4369743, at *1 (C.D. Cal. Sept. 25, 2012) (holding that under California law, the right to appeal an adverse judgment is a property right and therefore estate property).  Indeed, the issue is so well-settled, that in a similar case, *Hong v. Liu (In re Liu)*, 2020 WL 5543041 (C.D. Cal. Sep. 14, 2020), the court noted that "courts within the Ninth Circuit [have] made clear that defensive appellate rights are property of the estate" and chastised an attorney for excessive billing to research what was such "clear and well settled case law," concluding that the expenditure of large amounts of attorney time researching the issue was "grossly disproportionate to any possible benefit."

Appellants also argue that, pursuant to 11 U.S.C. § 558,  Lopez "had and has the continued right to assert her defenses in the Bejar action, irrespective of the automatic stay, and regardless whether the Trustee also asserted them or not."  The Bankruptcy Court also addressed this argument.  Specifically, the Bankruptcy Court concluded that Appellants' Section 558 declaratory relief claim "fail[ed] as a matter of law because by pursuing such a request, the Insurer is

Initials of Deputy Clerk  sr

attempting to obtain federal review of matters pending before the State Appellate Court" and that "[t]he claim therefore amounts to a jurisdictional attack on a matter that is properly before the State Appellate Court."  In addition, this Court concludes that, despite Appellants' argument to the contrary, Section 558 did not grant Lopez the right to unilaterally assert her defensive appellate rights after she filed for bankruptcy.  Instead, Section 558 simply clarifies that defenses available to Lopez, as the debtor, are also available to the bankruptcy estate.  *See, e.g., Brown v. Quantum3 Grp. LLC (In re Brown)*, 606 B.R. 40, 46 n.6 (B.A.P. 9th Cir. 2019) ("Section 558 ensures that the estate has 'any defense available to the debtor,' and specifically includes statutes of limitation as an available defense.  But courts limit such defenses to any prepetition defenses that the debtor may have had outside of bankruptcy to defeat claims made against the estate"); *see also* 11 U.S.C. § 558 ("The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses.  A waiver of any such defense by the debtor after the commencement of the case does not bind the estate").

Accordingly, the Court concludes that the Bankruptcy Court did not err in dismissing the SAC's Declaratory Relief Claim regarding the definition of "property" under California law and 11 U.S.C. § 558.

**V.    Conclusion**

For all the foregoing reasons, the Bankruptcy Court's April 13, 2023 Order and February 9, 2023 Order are **AFFIRMED**, and the appeal is dismissed with prejudice.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__